## Kentucky Diamond Mining & Developing Co. v. Kentucky Transvaal Diamond Co.

(Decided December 7, 1910.)

### Appeal from Elliott Circuit Court.

1. Mineral—Includes Diamonds—Deed to Land Conveying All the Mineral Thereon.—It is conceded that diamonds are a mineral, and where a deed to land conveys "all the mineral thereon," these general words aptly include every kind of mineral found on the land, and the grantee is entitled to the precious stones found no less than he would be if he had found platinum or radium, which are perhaps more precious than diamonds.

2. Deeds—Grantor and Grantee—Construction.—A deed is to be construed against the grantor rather than the grantee, because the grantor selects his own words, and where in a contract he conveys all the mineral on a tract of land, the court must enforce the contract according to the natural meaning of the language used.

M. M. REDWINE and E. HOGG for appellant.

HAZELRIGG & HAZELRIGG for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing

This appeal presents for decision the proper construction of the following deed:

"This indenture of bargain and sale made and entered into this 9th day of February A. D. 1876, by and between Charles Ison and Sarah A. Ison, his wife, of the county of Elliott in the State of Kentucky, party of the first part, and John T. Ratcliff of the county of Carter and State aforesaid, party of the second part,

"Witnesseth, that for and in consideration of the sum of four hundred and fifty dollars in hand paid, the receipt of which is hereby acknowledged, hath bargained, sold and by these presents bargain, sell and convey to the party of the second part the following described realty, viz: All the mineral and timber on the following described tract or parcel of land with the following exceptions: (Here follows boundary), excluding all the rail timber and all the deeded or sold and all other timber and coal · for the use of the farm and the Isons· reserve the right to clear any land within said boundary granting the said party of the second part the right of ingress and egress hereto with stone for building purposes, and to have and to hold the above described mineral, timber, etc., his heirs and assigns forever and the party of the first part warrants and defends the title aforesaid."

In 1891, Ratcliff conveyed one-half of what he took by the deed to Taylor Warnock, and in the year 1902, he and Warnock conveyed the property to the Kentucky Diamond Mining Company which now has all the rights that Ratcliff acquired by the deed quoted. It insists that it takes by the deed title to the diamonds on the land, if there are any. The Kentucky Transvaal Diamond Company claims that the grantee under the deed took no title to diamonds on the land, and the question before us is simply, do diamonds pass by the deed?

The proof for the plaintiff is to the effect that Ratcliff from the date of his deed was prospecting on the land for diamonds, and that Ison and his sons assisted him in his search, and in the work that he did. It is also shown that the Kentucky Diamond Mining & Developing Company has been at work on the land trying to find diamonds since the property was transferred to it. On the other hand the proof for the defendant is to the effect that Ratcliff thought there was silver on the land; that he was prospecting for silver, and not for diamonds, and that none of the parties had any idea in 1876 that there were diamonds on the land. The formation of the ground is shown to be similar to that in the Transvaal where diamonds are found. The circuit court dismissed the petition of the Kentucky Diamond Mining & Developing Company, and it appeals.

It is conceded that a diamond is a mineral; but it is insisted that as no one had in mind diamonds being on

the land when the deed was made in 1876, it should not be held to include diamonds. The case of McKinney v. Central Kentucky Nat. Gas Co., 134 Ky., 239, is relied on, In that case the language of the deed was "All minerals such as coal, iron, silver, gold, copper, lead, bismuth, antimony, zinc or any other mineral of any marketable value" it was held that the words "other minerals" were to be read in connection with the things previously named, and must be confined to things of that character. It was so determined that these words construed according to the actual intention of the parties did not include natural gas found on the land. A number of authorities are collected in that opinion sustaining the conclusion there reached, but that is not this case. The deed here simply conveys "all the mineral." These general words aptly include every kind of mineral found on the land. Would it be doubted that if gold had been discovered that it would have passed by this deed, although Ratcliff at the time thought he would find silver? Or if he had failed to find silver and had found lead, would it be doubted that this would pass by the deed? It may be true that when the deed was made the parties did not know what minerals were under the land, but the fact that they did not have diamonds in mind, in no manner affects the conveyance when by it they conveyed all the mineral. When the language of the deed is broad enough to cover everything that may be found on the land, it is not material to the effect of the deed, that the parties in fact contemplated at the time that a particular thing might be found on the land. They well knew it was a matter of doubt what would be found. To make the tests, shafts had to be sunk, and the different strata had to be examined. What would be found they could only guess, and when under these circumstances, the parties conveyed all the mineral, the grantee is entitled to the precious stones found no less than he would be if he had found platinum or radium, which is perhaps more precious than diamonds. The deed includes all the mineral except coal for the use of the farm. A deed is to be construed against the grantor, rather than against the grantee because the grantor selects his own words; and where he conveys all the mineral, the court must enforce the contract according to the natural meaning of the language used.

It is shown that Ratcliff and Warnock attempted to get Ison to make them a new deed which embraced all

the mineral and precious stones. No doubt this effort on their part and his refusal to sign the new deed, grew out of a doubt as to the meaning of the deed he had executed; but this effort did not take from them any right they had. Precious stones in the earth are certainly covered by the words "all the mineral." He who has a deed to property does not lose any right he has by an effort to make assurance doubly sure by the removal of all doubt.

Judgment reversed and cause remanded for a judgment and further proceedings consistent herewith.