## Rudd v. Hayden et al.
(Decided Oct. 9, 1936.)

CHARLES FERGUSON and J. R. WELLS for appellant.

C. C. GRASSHAM for appellees.

Opinion of the Court by Judge Stites—Affirming.

This is an appeal from a judgment of the Livingston circuit court sitting in equity. The appellant, Mrs. Pearl Rudd, is the owner of the surface rights in a tract of land containing 125 acres located on the bank of the Cumberland river in Livingston county. She concedes that the appellees are the owners of mineral rights in this property, but insists that their rights do not include title to a limestone bluff from which stone has been quarried by the surface owners, or under the permission of the surface owners, for several years.

The property in question was owned by Mrs. C. A. Lemen in 1900. Under date of July 28, 1900, Mrs. Lemen conveyed the mineral rights in the property to J. V. Hayden & Co., a partnership. By the terms of the deed, the conveyance included:

"All minerals, coal, clays, spars, oilgases and every other kind and character of mineral cement, oil, gases, &c not included in the above general description, in on and under the after described land, together with the exclusive right to mine same and a

right of way across said premises and ingress and egress over said land, for the purpose of operating any mine or mines and privilege of using water in their operation and in fact the full mining right and privilege in and to the following described land, viz.:"

Some years after the conveyance to J. V. Hayden & Co., Mrs. Lemen conveyed the property to G. W. Southern, making no reference to the previous deed of the mineral rights. Southern conveyed the property to G. C. Rudd, reserving all minerals and mineral rights. After the death of G. C. Rudd, his heirs conveyed their interest in the property to his widow, the appellant, Mrs. Pearl Rudd. Thereafter Mrs. Rudd purchased the purported mineral rights theretofore reserved by G. W. Southern. A quarry was opened on the tract, and limestone was being taken from the property by Mrs. Rudd or her grantees and carried away in barges on the Cumberland river when this suit was filed by the present successors to the title of J. V. Hayden & Co. to enjoin further operations. The chancellor found that limestone was intended to be included under the deed from Mrs. C. A. Lemen to J. V. Hayden & Co., and granted the injunction as prayed. Mrs. Rudd has appealed, and the only serious question presented for our consideration is whether or not limestone is included within the terms of the portion of the deed from Mrs. Lemen to J. V. Hayden & Co. quoted above. The parties are in practical agreement as to the principles of law involved, but disagree as to the application of these principles to the facts before us.

In seeking to determine what substances are included in a deed or lease of minerals, the ordinary rules of construction are applied, and the grant is construed most strongly against the grantor. McKinney's Heirs v. Central Kentucky Natural Gas Co., 134 Ky. 239, 120 S. W. 314, 20 Ann. Cas. 934. All matter may be classed as animal, vegetable, or mineral, but the mere fact that a substance is inorganic does not bring it within the category of a mineral as that term is used in a deed or lease. Hudson & Collins v. McGuire, 188 Ky. 712, 223 S. W. 1101, 17 A. L. R. 148. The question is, after all, purely one of intention, to be decided upon the language of the grant or reservation, unless the grant or reservation is so ambiguous as to leave the mind in doubt as to

its proper construction, in which event extrinsic evidence may be resorted to as an aid in determining the true meaning of the instrument. The authorities agree that the word "minerals," as used in a deed, does not ordinarily include limestone. Campbell v. Tennessee Coal, Iron & R. Co., 150 Tenn. 423, 265 S. W. 674; Brady v. Smith, 181 N. Y. 178, 73 N. E. 963, 106 Am. St. Rep. 531, 2 Ann. Cas. 636; Beury v. Shelton, 151 Va. 28, 144 S. E. 629, 632. The cases cited, together with several others of similar import, are collected in general annotations on the question contained in 17 A .L. R. 156 and 86 A. L. R. 983. Although the question was presented in a reservation of minerals instead of in a grant, the reason for the rule is aptly stated in Beury v. Shelton, supra:

"It is a well-known fact, and known of course to the parties to the deed here involved, that the section where this deed was to operate was a limestone country, where the land is everywhere underlain with limestone, and where it crops out on practically every tract of land that is not bottom land, and where it makes its appearance in manner varying from huge cliffs, as in the case here, to small outcroppings on various parts of the land. It is on the land everywhere, either breaking through it, or lying under it at different depths. In this country it is a part of the soil, and a conveyance that reserves the limestone with the right to remove it would reserve practically everything and grant nothing."

We are convinced that the use of the term "minerals," without more, would not show an intention to include limestone within the grant of the deed before us. Limestone is not within "the ordinary and popular sense of the word." Burke v. Southern Pacific R. Co., 234 U. S. 669, 34 S. Ct. 907, 58 L. Ed. 1527. However, the grant here involved included not only "minerals," as that term has been limited, but also coal, clays, spars, oil, gases, and every other kind and character of *mineral cement,* oil, gases, etc., not included in the above general description, *in, on, and under* the after-described land. In the copy of the deed certified in the record there is no comma between the words "mineral" and "cement," although a comma is inserted where the quotation is referred to in the pleadings and briefs of counsel. Whether the term used was actually "mineral cement" or "ce-

ment," we must give some effect to the use of the term, and, in giving it effect, we are led inevitably to the conclusion that the term was intended to cover limestone capable of use in the manufacture of cement. So far as we are advised, there is no such thing as an unmanu·factured cement. On the other hand, Portland cement has been manufactured in Kentucky from argillaceous limestone for over a hundred years. See "Cement Materials of Kentucky," by C. H. Richardson, Publication of Kentucky Geological Survey, 1927. In the article referred to, Dr. Richardson says:

> "The St. Genevieve limestone is pronouncedly cavernous and non-magnesian. It outcrops in Caldwell, Christian, Crittenden and Livingston counties. It is regarded as excellent Portland cement material."

Certainly the "ordinary and popular" significance of the word "cement" as used in this deed would be a substance containing the chemical ingredients to· be found in limestone, and we are unable to escape the conclusion that the word as used in the deed before us was intended to include "cement rock" or limestone, from which one or more of the various types of cement might be manufactured.

It is earnestly insisted by appellant that the broad general description of minerals contained in the deed must be read in the light of the easement granted therein for the purpose of operating a mine. It is argued that only such minerals as are "mined" were intended to be conveyed, and that limestone is quarried, and not mined. In the absence of the specific designation of coal, clays, spars, oil, gases, and cement; there might be some force in this argument, and it might reasonably be said that only those minerals which are "mined," in the generally accepted sense of that word, were intended to be included. However, oil and gas are certainly included in the conveyance here, but they are not generally considered as being the products of a mine, but of a well. Furthermore, the term "mine" is not limited to those cases where a shaft is sunk into the ground, but may include "open cut," "strip," or "hydraulic" methods of mining. Also, it will be observed that the deed conveys the minerals, in, on, and under the property. There could be no possible reason for sinking a shaft to obtai· minerals found on the surface. We think it is clear

that the phrase used in the deed before us was not intended to have the narrow application for which appellant contends.

In the court below evidence was offered by the plaintiffs for the purpose of showing that limestone was intended to be included in the conveyance. Exceptions were filed to this testimony, and most of it was excluded by the chancellor. The appellees, who were the plaintiffs below, have prosecuted a cross-appeal for the purpose of correcting this alleged error on the part of the trial court. In the view that we have taken of the case, it is unnecessary to go beyond the terms of the deed itself, and it is therefore immaterial whether the testimony offered was admissible or not, and we will not therefore determine that question.

The judgment is affirmed on both the original appeal and the cross-appeal.

Whole court sitting.