## Maynard et al. v. McHenry et al.

(Decided Jan. 25, 1938.)

C. F. SEE, JR., for appellants.

ELDRED E. ADAMS for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The question for decision is whether the word "minerals" in a reservation in a deed includes natural gas and oil.

John McHenry, in 1871, executed a deed conveying to Charles Maynard 410 acres of land in Lawrence county for a consideration of $80. The deed contained the following reservation:

> "The party of the first part hereby reserves to himself and assigns the exclusive right to all minerals coal and oil privileges in or to said lands belonging with the right to enter thereon for the exploitation development and working of the same with all needful right of passway, etc."

The minerals have never been conveyed, and title to them is now in the heirs of John McHenry, who are the appellees. The title to the surface is now in Wayne Maynard and others, who are the appellants.

E. E. Cunningham obtained an oil and gas lease from the owners of the mineral estate and also from the owners of the surface. A dispute arose between the owners of the surface and the owners of the mineral estate over the royalties, and Cunningham brought an action under the Declaratory Judgment Act, Civil Code of Practice, sec. 639a-1 et seq., for a declaration of the rights of the parties. The owners of both the surface and the mineral estates were made defendants, and the case developed into a contest between these two sets of claimants. The circuit court adjudged that the heirs of John McHenry were the owners of the oil and natural gas in and under the land, by reason of the reservation in the deed from McHenry to Charles Maynard, and were entitled to the oil and gas royalties provided for in

the lease executed by them to E. E. Cunningham. Wayne Maynard and the other defendants who trace their title from the deed from John McHenry to Charles. Maynard have appealed, and are insisting that the natural gas passed under the McHenry deed and was not reserved. They also claim that they own the oil under the land, although oil is specifically named in the reservation in the McHenry deed. Their argument, in substance, is that natural gas was not known as a mineral having commercial value at the time the deed was executed, and that consequently it could not have been the intention of the parties to include it when the word "minerals" was inserted in the deed. As to the oil, it is argued that the parties to the deed intended oil produced or manufactured from coal and not oil produced from oil-bearing sands. Two witnesses were introduced. who testified that in 1871, when the deed was executed, natural gas was unknown as a marketable commodity in that community. Evidence to the contrary was introduced, but we think this is beside the point.

The deed is not so ambiguous as to authorize resort. to extrinsic evidence as an aid to its construction. The language used clearly imports an intention to convey only the surface rights and to reserve all minerals. In other words, the deed separated the mineral estate from the surface. "The word 'minerals' in a deed embraces. oil and gas unless the language of the deed discloses an intention to exclude them." Kentucky West Virginia. Gas Co. v. Preece, 260 Ky. 601, 86 S. W. (2d) 163, 165.. In Scott v. Laws, 185 Ky. 440, 215 S. W. 81, 82, 13 A. L. R. 369, the grantor conveyed "all of the mineral right. and coal privileges and rights of way to and from said minerals and coal privileges; also the right to search for all undiscovered minerals and coal upon the land hereinafter described." The court said:

> "Since oil and gas are minerals, and there is. nothing in the language of the deed in question which shows that the parties contemplated something less general than all substances legally cognizable as minerals, we conclude that the title to the oil and gas necessarily passed by the conveyance."

In Bolen v. Casebolt, 252 Ky. 17, 66 S. W. (2d) 19, a deed contained this clause:

"The mineral and timber and oil heretofore sold is excepted and not conveyed."

As a matter of fact, the minerals had not been sold, and, in a contest over the ownership of the natural gas, it was held that the use of the words "heretofore sold" was not intended as limiting the estate reserved, and that the exception included natural gas; the court saying:

"Nothing appearing to show a contrary intent of the parties, the word 'mineral' included the gas as well as the oil which was specifically mentioned."

It is only where the language of the grant or exception is ambiguous that extrinsic evidence is admissible, and, if there are no restrictive words, a conveyance or exception of minerals will include oil and gas. Hudson & Collins v. McGuire, 188 Ky. 712, 223 S. W. 1101, 17 A. L. R. 148. To the same effect are Rudd v. Hayden, 265 Ky. 495, 97 S. W. (2d) 35; Franklin Fluorspar Co. v. Hosick, 239 Ky. 454, 39 S. W. (2d) 665; Kentucky Diamond Mining & Developing Co. v. Kentucky Transvaal Diamond Co., 141 Ky. 97, 132 S. W. 397, Ann. Cas. 1912C, 417; Lovelace v. Southwestern Petroleum Co., 6 Cir., 267 F. 513; Warren v. Clinchfield Coal Corp., 166 Va. 524, 186 S. E. 20, 21; Burdette v. Bruen, W. Va., 191 S. E. 360. In the deed before us, the language of the reservation is not ambiguous, and no restrictive words are used. In McKinney's Heirs v. Central Kentucky Natural Gas Co., 134 Ky. 239, 120 S. W. 314, 20 Ann. Cas. 934, it was held that natural gas did not pass under a conveyance of "all minerals such as coal, iron, silver, gold, copper, lead, bismuth, antimony, zinc or any other mineral of any marketable value," on the ground that the words "any other mineral of any marketable value" were to be read in connection with the things previously named and should be confined to things of that character. It was also pointed out in the opinion that the easements granted were not applicable to the production of oil and gas.

The mere fact that a particular mineral has not been discovered in the vicinity of the land conveyed or is unknown at the time the deed is executed does not alter the rule. Kentucky Diamond Mining & Developing Co. v. Kentucky Transvaal Diamond Co., supra; Frank-

lin Fluorspar Co. v. Hosick, supra; Armstrong v. Lake Champlain Granite Co., 147 N. Y. 495, 42 N. E. 186, 49 Am. St. Rep. 683. The rule followed in this and practically all other jurisdictions is that a grant or exception of "minerals" in a deed includes all mineral substances which can be taken from the land unless restrictive language is used indicating that the parties contemplated something less general than all substances legally cognizable as minerals. The rule is thus stated in Waugh v. Thompson Land & Coal Co., 103 W. Va. 567, 137 S. E. 895, 897:

"Where there is a grant or reservation of minerals without other words of limitation or restriction, all minerals would be granted or reserved, and, if the ordinary and accepted meaning is to be changed or restricted, the language used to do so must be reasonably clear to show that intent."

The circuit court correctly adjudged that the exception in the McHenry deed included oil and natural gas, and the judgment is affirmed.