### ROWE et al. v. CHESAPEAKE MINERAL CO.
### No. 10094.

Circuit Court of Appeals, Sixth Circuit.
July 8, 1946.

O. T. Hinton, of Pikeville, Ky. (O. T. Hinton, of Pikeville, Ky., on the brief), for appellant.

LeWright Browning, of Ashland, Ky. (LeWright Browning, of Ashland, Ky., on the brief), for appellee.

Before HICKS, ALLEN, and MARTIN, Circuit Judges.

ALLEN, Circuit Judge.

This is an action to quiet title to the rights in oil and gas in some 1,100 acres of land situated in Pike County, Kentucky. Both appellants and appellees claim title by mesne conveyances under a deed executed October 14, 1887, by William H. Reynolds, Orlando Reynolds, Andrew Adkins, and their wives. The deed was one of a number submitted to various grantors on printed forms which in the granting, habendum and warranty clauses contained the words "coal, salt water, oil, gas and mineral." In this deed (hereinafter called the Reynolds deed), a line had been drawn through the words "salt water, oil, gas" and the granting clause, with the words deleted, read: "the said parties of the first part do hereby sell and convey to the said party of the second part all the coal, and mineral lying and upon and under our farm * * *."

The habendum clause read: "to have and to hold unto the party of the second part, his heirs and assigns forever, with the right of said John J. Stuart, Trustee, his heirs and assigns, of entry to mine said coal, and mineral, with all the usual mining privileges reserving to ourselves the fee simple ot the surface of said farm, and the right to mine coal therein for our household use."

The warranty clause read: "The parties of the first part warrant generally the title to the coal and mineral hereby sold. * * *"

When the deed was lodged for record in the office of the clerk of Pike County, the clerk did not record the deletion, so that the words "coal and mineral" or "coal, and mineral" appeared as above set forth as if this was the original draft.

The District Court found that in striking out the words "salt water, oil, and gas" the grantors expressly intended to reserve their rights in salt water, oil and gas; but it held that the appellees, as innocent purchasers for value without notice, were entitled to rely upon the record; and since the grantors put the deed into circulation, the appellants who claim under them must bear the burden of the grantors' negligence. The court therefore denied the relief sought, upon the ground of estoppel.

■ The appellee clearly had no notice of the deletion, for the conveyance of the mineral rights to it was made on June 27, 1907, and it is uncontradicted that neither the appellee nor its predecessor, the Chesapeake & Ohio Railway Company of Ken-

tucky, ever had possession of the Reynolds deed until August 10, 1933. The appellants, on the other hand, claim under six deeds, all executed by appellant Rowe's immediate predecessors in August or September, 1941, one of them, at least, a quit-claim deed. The Reynolds deed was recorded in November, 1887, and the deed from the Chesapeake & Ohio Railway Company to the appellee was recorded on August 13, 1907. The latter deed conveyed "all the coal and other minerals, gases, salt waters and oil in, upon and under" the land described including the land covered by the Reynolds deed. Appellants thus had notice of appellee's claim, so that on this issue the equities preponderate in favor of the appellee.

■ Appellants contend that the appellee is not a purchaser for value, because the only consideration for the conveyance was the building of a railroad for the grantor; but this obviously was a substantial benefit to the grantor and constituted valid consideration.

■ We think that the grantors in this case, assuming that they deleted the words in question, were not negligent. It was not their duty, under Kentucky law, to lodge the instrument for record. The recording was mainly a protection to the grantee. Section 29, c. 24, Kentucky General Statutes, 1883, in force in 1887, provided that the instruments which have been or may be recorded shall be delivered to the party entitled to the same. Section 14 of the same chapter contains the usual provision that unrecorded deeds are not good against creditors or purchasers for valuable consideration without notice. These statutes are in pari materia, and when read together, they show that in Kentucky the obligation of recording a deed does not rest upon the grantor, and hence the dereliction of the clerk, if such it was, in failing to copy the deleted words and to indicate the deletion, can in no way be charged to the grantor.

■ The circumstances accompanying the deletion are not shown. It was assumed by the District Court that the deletion was contemporaneous with the execution of the deed; but this does not appear,

and who drew the line through the words "salt water, oil and gas" and for what purpose, is not explained in any way, except through the testimony of Orlando Reynolds, then ninety years old, who stated to a witness that he and his brother (William Reynolds) in the 1880's had sold the minerals and retained the surface. The case is hence strongly differentiated from Hudson & Collins v. McGuire, 188 Ky. 712, 223 S.W. 1101, 17 A.L.R. 148, and Rice v. Blanton, 232 Ky. 195, 22 S.W.2d 580, relied upon by appellants. In the Hudson & Collins case, the petition alleged that it was not intended by the parties to the deed that the oil and gas rights involved should be conveyed, and this was admitted by demurrer. In Rice v. Blanton, there was positive evidence that the deed originally included oil and gas, and that the grantor refused to sign it upon that ground until it was redrawn. It may be in the instant case that the words in question were deleted by some one who wished to eliminate verbiage, rather than for the purpose of any reservation, for the word "mineral" includes oil and gas. However inconclusive the facts may be with reference to this phase of the question, we think the deed, even with the deletion, was unambiguous, and the door was not opened to the taking of evidence or to consideration of outside circumstances for the purpose of resolving an ambiguity.

■ It is the established rule under both state and federal law that the term "mineral" includes gas and oil, as well as solid minerals. As stated by the Supreme Court of the United States in Northern Pacific R. Co. v. Soderberg, 188 U.S. 526, 23 S.Ct. 365, 368, 47 L.Ed. 575, the words "valuable mineral deposits" include "all lands chiefly valuable for other than agricultural purposes, and particularly as including non-metallic substances, among which are held to be * * * petroleum * * *." To the same effect is Burke v. Southern Pacific R. Co., 234 U.S. 669, 34 S.Ct. 907, 58 L.Ed. 1527, which squarely holds that oil is a mineral. The Minerals Year Book for 1936, page 42, published by the United States Department of the Interior, Bureau of Mines, includes oil and gas among the minerals.

Since this case involves title to Kentucky land, the state law controls, and Kentucky follows the established rule. The phrase "all coal and mineral lying upon and under our farm" contained in the granting, habendum and warranty clauses of the Reynolds deed, under Kentucky law means coal, oil and gas, as well as other minerals. Maynard v. McHenry, 271 Ky. 642, 113 S. W.2d 13; Kentucky-West Virginia Gas Co. v. Preece, 260 Ky. 601, 86 S.W.2d 163; Federal Gas, Oil & Coal Co. v. Moore, 290 Ky. 284, 161 S.W.2d 46; Hurley v. West Kentucky Coal Co., 294 Ky. 96, 171 S.W.2d 15; Hudson & Collins v. McGuire, supra; Slone v. Kentucky-West Virginia Gas Co., 289 Ky. 623, 159 S.W.2d 993. As declared in Maynard v. McHenry, supra, 271 Ky. at page 646, 113 S.W.2d 14, the rule followed in Kentucky and practically all other jurisdictions "is that a grant or exception of 'minerals' in a deed includes all mineral substances which can be taken from the land unless restrictive language is used indicating that the parties contemplated something less general than all substances legally cognizable as minerals." Appellants contend that the deed contains restrictive language because the easements specifically created are "to mine said coal * * * with all the usual mining privileges. * * *" But the Kentucky courts do not construe phrases of this kind as constituting restrictive words amounting to a reservation. The grantees are in no way limited to the removal of coal. There simply is an absence of language specifically covering the exploration for, securing and refining of oil. As stated in Federal Gas, Oil & Coal Co. v. Moore, supra, the terms of the mining privileges do not limit the operations to the removal of hard minerals. While in Kentucky-West Virginia Gas Co. v. Preece, supra, the easements included the right to explore, exhaust, store, handle, manufacture and refine the minerals conveyed, and therefore an express recognition was given to the inclusion of oil in the general term "minerals," in Hurley v. West Kentucky Coal Co., supra, the easements conveyed were the usual easements for the removal of coal; but it was held that gas and oil were included. The Hurley case in effect overruled Rice v. Blanton, supra. The holding in Hudson & Collins v. McGuire, supra, that restrictive words existed in the deed, excluding all but hard minerals, is explained by the inclusion of the word "smelting," which is a term relating, of course, to metals. In view of the recent decisions of the Kentucky court of last resort, we think that the state courts would unqestionably hold that the Roymolds deed conveys all mineral rights.

It is contended that since the presence of gas and oil in this territory was not known at the time of the execution of the deed in 1887, the parties could not have contemplated the presence of these particular minerals, nor have intended the deed to cover them. But this precise question was ruled upon in Maynard v. McHenry, supra, in which the Kentucky Court of Appeals declared that the mere fact that the particular mineral has not been discovered in the vicinity of the land conveyed, or is unknown at the time the deed was executed, does not alter the rule. Cf. Kentucky Diamond Mining & Development Co. v. Kentucky Transvaal Diamond Co., 141 Ky. 97, 132 S.W. 397, Ann.Cas.1912C, 417.

The appellee, being a purchaser for value without notice, was entitled to rely upon the record. Hudson & Collins v. McGuire, supra. It need only look to the recorded instruments, and if they are fair on their face and free from ambiguity, the safety of its title is not affected by the intention of parties to instruments of which it does not have actual notice and which is not expressed in the instrument itself. Cf. Cain v. Gray, 146 Ky. 402, 142 S.W. 715; Phillips v. Big Sandy Co., 149 Ky. 555, 149 S.W. 957. But in any case, since the word "mineral" was not stricken out of the deed, the deletion of the words "salt water, oil, gas," even if so intended did not accomplish the reservation to the grantors of those particular minerals. We are strengthened in this conclusion by the fact that the express reservation made by the grantors is of "the fee simple to the surface of said farm, and the right to mine coal therein for our household use."

The judgment of the District Court is affirmed.