Mary Brewer **LITTLE** and Reed Little, Appellants,

v.

Henry H. **CARTER** and Alma J. Carter, Appellees.

Court of Appeals of Kentucky.

Nov. 4, 1966.

**208**

John C. Fogle, Bryan & Fogle, Mt. Sterling, for appellants.

William A. Young, Frankfort, for appellees.

STEWART, Judge.

This appeal is from a judgment of the Morgan Circuit Court which declared limestone is not a mineral, within the meaning of a reservation contained in a series of deeds, beginning with a conveyance of 450 acres on March 5, 1925, from Mitchell Brewer and Lizzie Brewer, his wife, to Jerry Brewer.

The deed to Jerry Brewer was executed and delivered subject to a reservation of ¹⁄₁₆ of the oil and gas, ½ of the fire clay, "and a ½ interest in all other minerals on the land conveyed." Mary Brewer Little, the daughter of Mitchell Brewer and Lizzie Brewer, both of whom are deceased, either by inheritance or by purchase has succeeded to all the interest her father and mother reserved in the land involved in this appeal.

Henry H. Carter and his wife, Alma J. Carter, through mesne conveyances, acquired title to the land on September 22, 1951. On November 23, 1959, the Carters leased all of the limestone deposits on and under the land to one Glenn Clevenger, and on December 12, 1959, Clevenger assigned all his rights in the lease to the Morgan County Limestone Corporation. Under the terms of the lease the Carters were to be paid a royalty of five cents per ton for all limestone taken from the leased property.

A controversy having developed concerning ownership rights to the limestone, the Carters brought a declaratory judgment action, asking that they be adjudged to receive and retain all the proceeds derived from the sale of the limestone quarried under the lease made by them; Mary Brewer Little, joined by her husband, counterclaimed, seeking to establish a one-half interest in the limestone deposits. She also claims she is entitled to an accounting for one half of the royalties heretofore paid to the Carters. The trial court found for the Carters, and this appeal followed.

The crucial question raised before us is whether the reservation of minerals in the deed from Mitchell Brewer and his wife, Lizzie Brewer, to Jerry Brewer, and contained in the deeds down to the Carters, includes limestone.

In Rudd v. Hayden, 265 Ky. 495, 97 S.W.2d 35, this court laid down the principles of law that are controlling in the case at bar. We quote this relevant language from that opinion:

"In seeking to determine what substances are included in a deed or lease of minerals, the ordinary rules of construction are applied, and the grant is construed most strongly against the grantor. McKinney's Heirs v. Central Kentucky Natural Gas Co., 134 Ky. 239, 120 S.W. 314, 20 Ann.Cas. 934. All matter may be classed as animal, vegetable, or mineral, but the mere fact that a substance is inorganic does not bring it within the category of a mineral as that term is used in a deed or lease. Hudson & Collins v. McGuire, 188 Ky. 712, 223 S.W. 1101, 17 A.L.R. 148. The question is, after all, purely one of intention, to be decided upon the language of the grant or reservation, unless the grant or reservation is so ambiguous as to leave the mind in doubt as to its proper construction, in which event extrinsic evidence may be resorted to as an aid in determining the true meaning of the instrument. *The authorities agree that the word 'minerals,' as*

*used in a deed, does not ordinarily include limestone.* Campbell v. Tennessee Coal, Iron & R. Co., 150 Tenn. 423, 265 S.W. 674; Brady v. Smith, 181 N.Y. 178, 73 N.E. 963, 106 Am.St.Rep. 531, 2 Ann. Cas. 636; Beury v. Shelton, 151 Va. 28, 144 S.E. 629, 632." (Emphasis added.)

One primary reason for the rule that "the word 'minerals' * * * does not ordinarily include limestone" is well stated in Beury v. Shelton, 151 Va. 28, 144 S.E. 629, 632, where the land involved was in a limestone region, just as the land in the case at bar lies in a similar area. That court said, and the statement was approved in the Rudd case: "It is a well-known fact, and known of course to the parties to the deed here involved, that the section where this deed was to operate was a limestone country, where the land is everywhere underlain with limestone, and where it crops out on practically every tract of land that is not bottom land, and where it makes its appearance in manner varying from huge cliffs, as in the case here, to small outcroppings on various parts of the land. It is on the land everywhere, either breaking through it, or lying under it at different depths. In this country it is a part of the soil, and a conveyance that reserves the limestone with the right to remove it would reserve practically everything and grant nothing."

It was pointed out in a Texas case, Atwood v. Rodman, Tex.Civ.App., 355 S.W.2d 206, that limestone is not legally cognizable as a mineral, because it is usually found in "a natural surface situation that warrants its consideration as a part of the surface rather than as a part of the mineral estate." In another Texas case, Heinatz v. Allen, 147 Tex. 512, 217 S.W.2d 994, it was held: "In our opinion substances such as sand, gravel and limestone are not minerals within the ordinary and natural meaning of the word unless they are rare and exceptional in character or possess a peculiar property giving them special value, as for example sand that is valuable for making glass and limestone of such quality that it

may profitably be manufactured into cement. Such substances, when they are useful only for building and road-making purposes, are not regarded as minerals in the ordinary and generally accepted meaning of the word."

Appellants rely heavily upon Kalberer v. Grassham, 282 Ky. 430, 138 S.W.2d 940, to uphold their position. The question of whether limestone is a mineral was not an issue in that case. On the other hand that case quoted with approval the language we have cited above from Beury v. Shelton, supra.

We conclude that under the plain language of Rudd v. Hayden, supra, the use of the term "minerals," without more, would not show an intention to include limestone within the reservation under consideration.

Wherefore, the judgment is affirmed.

MONTGOMERY, J., not sitting.