In Re: BROOKS SAND AND GRAVEL, LLC., et al., Debtor(s)

Matsuda, LLC, A Kentucky Limited Liability Company; G.W. Chandler, Kathy Chandler Plaintiff(s),

v.

Beverly A. Duff, Richard W. Compton, Milton S. Compton, III, Paul B. Compton, Smith Mining & Materials, LLC Defendants.

Bankruptcy No. 06 40259(1).
Adversary No. 06–3130.

United States Bankruptcy Court, W.D. Kentucky.

Oct. 23, 2006.

Dean A. Langdon, Laura Day Delcotto, Wise Delcotto PLLC, M. Tyler Powell, Lexington, KY, for Debtor(s).

J. Bruce Miller, J. Bruce Miller Law Group, Louisville, KY, for Trustee.

### *MEMORANDUM–OPINION*

JOAN A. LLOYD, Bankruptcy Judge.

This matter is before the Court on the Motion for Summary Judgment of Plaintiffs Matsuda, LLC, G.W. Chandler and Kathy Chandler (collectively referred to herein as "Plaintiffs") against Defendants Beverly A. Duff, Richard W. Compton, Milton S. Compton, III, Paul B. Compton and Smith Mining & Materials, LLC (collectively referred to herein as "Defendants"). The Court considered the written submissions of Plaintiffs in support of their

**2**

Motion, the Response of the Defendants and the Response of J. Bruce Miller ("Trustee") of Debtor Smith Mining & Materials, LLC. For the following reasons, the Court **GRANTS** the Plaintiffs' Motion for Summary Judgment.

### UNDISPUTED MATERIAL FACTS

In 1925 Henrietta Compton ("Compton") the predecessor-in-title of Defendant Duff, executed a Deed to James Wall ("Wall"), the predecessor-in-title to Plaintiff Matsuda, LLC ("Matsuda"). This document is hereinafter referred to as the "Deed". Defendants, other than Smith Mining & Materials, LLC, are the descendants and heirs to Compton.

In the Deed, Compton conveyed 175–68/100 acres of land in Bullitt County to Wall. This property was ultimately conveyed to Matsuda. The Deed reserved and retained all mineral and gas and oil rights to the property for Compton. Duff is now the owner of the mineral rights and oil and gas rights to the property.

On September 28, 1998, Chandler entered into two lease agreements with Duff. The lease granted Chandler the exclusive rights to "mine, prepare, remove and sell limestone on or under the property." Chandler later subleased the limestone rights to Debtor/Defendant Smith Mining & Materials, LLC on January 18, 2005. Chandler has paid royalties to Duff since 1998.

On July 10, 2006, Plaintiffs instituted this adversary proceeding seeking a declaratory judgment stating that Matsuda, LLC is the lawful owner of the limestone contained on the property under the Deed, that Matsuda is entitled to immediate possession of the limestone, that the mineral leases, as amended, and the sublease are void and of no legal effect, that Defendants have no lawful title or claim to the limestone, and that Defendants be ordered to relinquish possession of the limestone to Matsuda.

### LEGAL ANALYSIS

■ The sole issue before the Court is whether the Deed reserved rights to the limestone when it reserved "minerals and oil and gas rights" for Compton and her heirs. The Court finds that a strict reading of the Deed and an analysis of the relevant Kentucky case law leads to the conclusion that the rights to the limestone were conveyed when the property was conveyed.

The pertinent part of the Deed reads as follows:

> It is agreed and understood that all mineral rights and gas and oil rights are reserved and not conveyed by this Deed. And the Grantee accepts this Deed with the understanding that he is not purchasing the mineral rights or the oil and gas rights.

Since 1925, Compton, her heirs and Wall and his predecessors-in-title have interpreted this provision to include a reservation of the rights to the limestone in the grantor. Chandler as the owner of Matsuda challenges this interpretation.

■ In interpreting this provision, the Court need only look to the language of the Deed. The first rule of construction in determining what substances are included in a deed or lease of minerals is that the ordinary rules of construction apply and the grant is construed most strongly against the grantor. *Rudd v. Hayden*, 265 Ky. 495, 97 S.W.2d 35 (1936). The issue is one of intention and must be decided on the language of the grant or reservation without resort to extrinsic evidence, unless the language is so ambiguous as to leave the mind in doubt as to its construction. *Id.* The Court finds the language used in the grant or reservation in the Deed clear

and unambiguous. Thus, it must be construed most strongly against Compton and her predecessors-in-title without resorting to extrinsic evidence.

■ The Deed reserved for Compton the mineral rights and gas and oil rights. The construction of the term "minerals" in Kentucky jurisprudence is clear. The term "minerals" does not ordinarily include limestone. *See, Little v. Carter,* 408 S.W.2d 207, 208 (Ky.1966) and *Rudd,* 97 S.W.2d at 35 and cases cited therein. This authority is sufficient to support the finding that the term "minerals", as used in the Deed did not encompass the limestone.

The Court agrees with the reasoning in *Elkhorn City Land Co. v. Elkhorn City,* 459 S.W.2d 762 (Ky.1970), wherein the Court held that sandy clay loam and sandy shale, like limestone, were not "minerals." There, the Court reasoned that because limestone was such a part of the surface that it had to be considered part of the surface of the land rather than part of the mineral estate, citing *Atwood v. Rodman,* 355 S.W.2d 206 (Tex.Civ.App.1962). If a grantor reserves the limestone along with the removal rights, then practically nothing is conveyed because the limestone is in or on nearly every part of the land.

The title to the limestone passed with the conveyance of the property to Walls and his predecessors-in-title by Compton and her predecessors-in-title. Under the unambiguous language of the Deed, the limestone rights were not reserved by Compton based upon well settled Kentucky law. Accordingly, Plaintiffs are entitled to judgment in their favor as a matter of law.