IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PAULDEN INDUSTRIAL LLC, *Plaintiff/Appellant*,

*v.*

BIG CHINO MATERIALS LLC, et al., *Defendants/Appellees*.

JOHN I. KIECKHEFER, et al., *Plaintiffs/Appellees*.

No. 1 CA-CV 19-0436
FILED 7-14-2020

Appeal from the Superior Court in Yavapai County
No. P1300CV201700782
No. P1300CV201800453
No. P1300CV201800646
No. P1300CV201800730
(Consolidated)
The Honorable David L. Mackey, Judge

**AFFIRMED**

COUNSEL

Dickinson Wright PLLC, Phoenix
By Albert H. Acken, Samuel L. Lofland, Vail C. Cloar
*Counsel for Plaintiff/Appellant Paulden Industrial LLC*

Musgrove Drutz Kack & Flack, PC, Prescott
By Mark W. Drutz, Thomas P. Kack, Jeffrey D. Gautreaux
*Counsel for Defendants/Appellees Big Chino Materials LLC, Kevan Larson, Robbi Larson*

DeConcini McDonald Yetwin & Lacy, P.C., Tucson
By John C. Lacy, Paul M. Tilley
*Co-Counsel for Defendant/Appellee Big Chino Materials LLC*

Murphy, Schmitt, Hathaway, Wilson & Becke, P.L.L.C., Prescott
By Michael R. Murphy, Andrew J. Becke
*Counsel for Plaintiff/Appellee John I. Kieckhefer*

Prescott Law Group, PLC, Prescott
By Taylor R. Nelson, J. Andrew Jolley
*Counsel for Plaintiffs/Appellees Wells Family Revocable Trust, William J. Wells, Betty Lo Wells*

City of Prescott Legal Department, Prescott
By Clyde P. Halstead
*Counsel for Plaintiff/Appellee City of Prescott*

---

## OPINION

Presiding Judge Lawrence F. Winthrop delivered the opinion of the Court, in which Judge Maria Elena Cruz and Judge David B. Gass joined.

---

**W I N T H R O P**, Judge:

¶1        Paulden Industrial LLC ("Paulden") appeals the superior court's entry of summary judgment in favor of Big Chino Materials LLC ("Big Chino"), Kevan and Robbi Larson, John I. Kieckhefer, the Wells Family Revocable Trust ("Wells Trust"), William J. and Betty Lo Wells, and the City of Prescott ("Prescott") (collectively, "Appellees").

¶2        This case involves a dispute between the owners of the surface estate (Appellees) and the mineral estate (Paulden) of a parcel of real property.  The parties ask us to apply *Spurlock v. Santa Fe Pacific Railroad Co.*, 143 Ariz. 469 (App. 1984), in deciding whether a mineral reservation in a deed includes "stone, rock, sand[,] and clay."  We hold that another provision in the deed—allowing the grantor to take stone, rock, sand, and clay when necessary or convenient to the process of extracting minerals from the property—compels the conclusion that stone, rock, sand, and clay do not qualify as "minerals" that can be extracted by the holder of the mineral estate under the deed.  Accordingly, the superior court properly granted summary judgment in favor of Appellees.

2

**FACTS AND PROCEDURAL HISTORY**

¶3        This dispute involves interpretation of a deed executed in 1941. Paulden holds an interest in the mineral estate expressly reserved by the grantors in the deed. Big Chino, Kieckhefer, Wells Trust, and Prescott are the current owners of the surface estate conveyed in the deed.

¶4        Paragraph four of the deed provides that the grantors

> except from the lands and premises hereinbefore described and reserve unto themselves, their successors and assigns forever, the ownership in fee of, and the full, free, perpetual and exclusive right to all minerals, including coal, oil, petroleum, naptha, asphaltum, brea, bitumen, natural gas and all other hydrocarbon substances, which now exist, or at any time hereafter may exist, upon, in or under said lands and every part and parcel thereof, together with the perpetual right to enter in and upon said lands and premises and every part and parcel thereof, with their agents, servants, employees, animals, tools, appliances and supplies and explore, dig, mine, drill for, produce, extract, take and remove minerals, oil and any and all such substances whether similar or dissimilar to the substances hereinbefore mentioned . . . .

¶5        Paragraph seven of the deed provides that the grantors also

> except and reserve unto themselves, their successors and assigns, forever, the perpetual right to take from said lands, or any part or parcel thereof, such stone, rock, sand and clay as may be necessary or convenient in carrying on their operations in connection with their rights, privileges and interests excepted and reserved hereunder.

Finally, under paragraph nine of the deed, the owner of the mineral estate must pay royalties to the owners of the surface estate for any minerals removed from the land.

¶6        A few years ago, Big Chino, as a surface owner, began mining and removing sand, stone, rock, and clay from the land. Paulden protested, asserting it owned the materials as a holder of the mineral estate. A series of quiet title, declaratory judgment, and tort claims ensued and were consolidated in the superior court.

¶7            Eventually, all parties moved for summary judgment.  The superior court granted summary judgment in favor of Appellees.  The court found the mineral reservation was not ambiguous under *Spurlock*, which the court found controlling.  The court also found the separate deed provision addressing stone, rock, sand, and clay allowed Paulden to remove such materials only when necessary or convenient to exercising its mineral rights.  In interpreting the deed, the court found that Paulden's removal of sand, rock, gravel, and clay from the surface would be inconsistent with the cultivation of crops and the raising of livestock, the deed's stated reasons for the grantee's purchase of the surface estate.

¶8            We have jurisdiction over Paulden's timely appeal pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## ANALYSIS

¶9            We review *de novo* the grant of summary judgment and the interpretation of an instrument creating real property rights, while viewing the facts in the light most favorable to Paulden, against which summary judgment was taken.  *See Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003); *Squaw Peak Cmty. Covenant Church of Phoenix v. Anozira Dev., Inc.*, 149 Ariz. 409, 412 (App. 1986).  In construing a deed, we must give effect to the contracting parties' intent.  *Spurlock*, 143 Ariz. at 474.  If the deed is unambiguous, we discern intent "from the four corners of the document." *Id.* (citing *Pass v. Stephens*, 22 Ariz. 461, 466 (1921)).  We will affirm summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Ariz. R. Civ. P. 56(a); *Thompson v. Pima Cty.*, 226 Ariz. 42, 44, ¶ 5 (App. 2010).

¶10            The issue here is whether the mineral reservation in the deed includes all stone, rock, sand, and clay when a separate provision of the deed allows the holder of the reservation (Paulden) to take those substances "as may be necessary or convenient in carrying on [its] operations in connection with [its] rights, privileges and interests excepted and reserved" under the deed.

¶11            We find no Arizona case construing these exact reservations. On appeal, all parties rely on the plain language of the deed and argue *Spurlock* supports their respective positions.

¶12            In *Spurlock*, the Santa Fe Pacific Railroad Company ("Santa Fe") claimed ownership of helium and other substances beneath Spurlock's property pursuant to a mineral reservation contained in a deed.  143 Ariz. at 473.  Santa Fe also claimed a nonexclusive right to take sand and gravel

under a separate deed provision that permitted it to take "gravel and ballast" for "railroad purposes." *Id.*

¶13      As to the mineral reservation, we addressed whether a deed reservation of "all . . . minerals whatsoever" included helium and other substances. *Id.* at 474. We noted other courts examining general mineral reservations focused on the definition of "mineral" with "widely divergent results."[1] *Spurlock*, 143 Ariz. at 474. After considering these divergent approaches, we found the term "minerals" was unambiguous and held that a deed "reservation of 'all minerals whatsoever' reflects a *general* intent of the parties to sever the surface estate from the underlying mineral estate." *Id.* at 478 (citing *Maynard v. McHenry*, 113 S.W.2d 13 (Ky. 1938)). We stated that, for that reason, it was "the court's duty to determine the extent of a general reservation as a matter of law, without resorting to extrinsic evidence" to determine the parties' intent. *Id.* Under a deed creating a general mineral reservation, the holder of the mineral estate "retains ownership of all commercially valuable substances separate from the soil," and the holder of the surface estate "assumes ownership of a surface that has value in its use and enjoyment." *Id.* (citing *Watt v. W. Nuclear, Inc.*, 462 U.S. 36, 48-56 (1983)).

¶14      We quoted with approval a treatise observing that when parties create a general reservation of all minerals—without qualifying language—they intend to sever the entire mineral estate from the surface estate. *Id.* (citing 1 E. Kuntz, *A Treatise on the Law of Oil and Gas* § 13.3, at 305-06 (1962) (additional citations omitted)). We further held that in determining how the holder of a mineral estate can "develop his estate," courts "should examine the four corners of the document and give effect to

---

[1]     Before our decision in *Spurlock*, our supreme court noted some courts held sand, rock, and gravel are minerals and other courts held they are not. *State Land Dep't v. Tucson Rock & Sand Co.*, 107 Ariz. 74, 76 (1971) (citing cases). Because the word "mineral" is used in different ways depending on the context, ordinary dictionary definitions yield little assistance in construing the term, which "is susceptible to limitation or expansion according to the intention with which it is used in the particular instrument or statute." *Id.* (citing *N. Pac. Railway Co. v. Soderberg*, 188 U.S. 526, 530 (1903); *Puget Mill Co. v. Duecy*, 96 P.2d 571, 574 (Wash. 1939)). In *Tucson Rock & Sand*, our supreme court held that sand, rock, and gravel were not "minerals" under an Arizona statute. *Id.* at 77-78. Because *Tucson Rock & Sand* focused solely on the meaning of the term as used by statute, it does not control our analysis.

any *specific* provisions regulating the use of the surface estate by the mineral owner." *Id.* at 479 (emphasis added) (citations omitted).

¶15        Applying that general analytical framework, we held the word "minerals" as used in the general mineral reservation there was unambiguous and indicated the parties' general intent to sever the mineral estate from the surface estate. *Id.* at 481. We also found no specific intent to limit that reservation in other provisions of the deed. *Id.* Accordingly, we held that helium and other inorganic, commercially valuable substances distinct from the soil itself were minerals, and Santa Fe owned them under the general mineral reservation. *Id.*

¶16        As to the parties' respective rights to sand and gravel, as noted, the deed granted Santa Fe the right to enter the property and take sand and gravel for "railroad purposes." *Id.* at 473. The superior court found Santa Fe had abandoned any right to take sand and gravel under that provision of the deed, and Santa Fe did not challenge that ruling on appeal. *Id.* at 481. Relatedly, we dismissed the notion that sand and gravel might be encompassed within the lease's general mineral reservation. *See id.* ("Because specific mention is made of 'gravel and ballast,' the foregoing discussion concerning the general mineral reservation is not applicable to these substances."). In other words, there would be no need to specifically address Santa Fe's right to take sand and gravel for "railroad purposes" if the general mineral reservation included sand and gravel. *Id.*

¶17        In this case, Paulden argues the broad mineral reservation contained in paragraph four of the deed gives it the right to all inorganic materials with economic value—including stone, rock, sand, and clay. We agree with Paulden that, under the general analytic framework set forth in *Spurlock*, the reservation in paragraph four of the deed may reflect a general intent of the original parties to sever the surface estate from the subsurface minerals. *See id.* at 478.[2]

¶18        However, general severance of the two estates does not end our inquiry. As we noted in *Spurlock*, when a deed contains a mineral exception or reservation, other provisions may regulate how the holder of that exception or reservation may exercise its rights to take the minerals. 143 Ariz. at 479. Here, paragraph seven establishes Paulden's right to take

---

2        Because the issue is not raised in this appeal, we do not address whether paragraph four's reference to "all other hydrocarbon substances" narrows the scope of the reservation to something less than "all minerals." *See Spurlock*, 143 Ariz. at 475 n.4.

stone, rock, sand, and clay only "as may be necessary or convenient in carrying on [its] operations" to extract the minerals identified in paragraph four.

¶19        Paulden argues paragraph seven expands the mineral reservation granted in paragraph four to include unlimited removal of all stone, rock, sand, and clay. Paulden's proposed interpretation, however, renders paragraph seven superfluous. Paragraph four gives Paulden the right to extract minerals from the property. Paragraph seven gives Paulden the right to remove stone, rock, sand, and clay when "necessary or convenient" in exercising its right under paragraph four to extract minerals. If stone, rock, sand, and clay are minerals and can be removed from the land under paragraph four, then there is no need to give Paulden the right to remove stone, rock, sand, and clay in paragraph seven. *See id.* at 481. A contract should not be interpreted in a way that renders parts of it superfluous. *Taylor v. State Farm Mut. Auto. Ins. Co.*, 175 Ariz. 148, 158 n.9 (1993).

¶20        The limitation in paragraph seven is unambiguous. When the language of a deed is unambiguous, "there is no need or room for construction or interpretation and a court may not resort thereto." *Mining Inv. Grp., LLC v. Roberts*, 217 Ariz. 635, 639, ¶ 16 (App. 2008) (quoting *Goodman v. Newzona Inv. Co.*, 101 Ariz. 470, 472 (1966)). Because paragraph seven unambiguously grants Paulden the right to remove stone, rock, sand, and clay only for specific purposes—when necessary or convenient to the removal of minerals—those substances are not minerals included under the mineral reservation granted in paragraph four.

¶21        Paulden also argues the superior court erred in finding its claim to ownership of stone, rock, sand, and clay would be inconsistent with the stated purpose of the conveyance, which was that the grantees wanted to use the land for grazing and agriculture. The court's finding on this issue is only one reason it gave for granting judgment to Appellees, and our inquiry focuses on the propriety of the judgment. *See Picaso v. Tucson Unified Sch. Dist.*, 217 Ariz. 178, 181, ¶ 9 (2007) ("An appellate court must determine whether the judgment, not the reasoning, of the superior court was correct." (citing *Gary Outdoor Advert. Co. v. Sun Lodge, Inc.*, 133 Ariz. 240, 242 (1982))). Further, under *Spurlock*, damage that a grantor might cause to the surface estate by exercising its mineral rights is not a factor bearing on the scope of a mineral reservation. *See* 143 Ariz. at 479-80. Instead, the issue of surface destruction is only "an adjunct to the question of how the mineral estate owner is to exercise" that right. *Id.* at 480 n.9. Here, our construction of paragraph seven does not improperly transfer

ownership, but is instead proper regulation of the surface estate in accordance with the terms of the deed. *See id.* at 479-80.

¶22 Paulden argues the superior court's ruling creates an absurd result because Paulden could remove stone, rock, sand, and clay only as long it was engaging in another activity permitted under the deed, but could not extract and sell stone, rock, sand, and clay for their own sake, with differing financial consequences under the deed's royalty provision. However, as we conclude above, stone, rock, sand, and clay are not minerals under this deed. Paragraph four permits Paulden to remove minerals. Paragraph seven specifically permits Paulden to *also* take stone, rock, sand, and clay, but *only* as necessary for carrying out its operations in mining for minerals. Under the deed, Paulden pays royalties for the minerals it extracts, but not for the stone, rock, sand, or clay it must remove to extract the minerals.

¶23 We conclude that whatever rights paragraph seven gives to Paulden, they are limited and extend only as necessary to Paulden's exercise of its mineral rights under paragraph four. Paulden argues that interpretation impermissibly modifies the parties' intent because paragraph seven uses the word "also." A court may not add something to the contract that is not there. *IB Prop. Holdings, LLC v. Rancho Del Mar Apartments Ltd. P'ship*, 228 Ariz. 61, 66-67, ¶ 16 (App. 2011) (citations omitted). However, in this case, paragraphs four and seven, read together, allow Paulden to remove stone, rock, sand, and clay exclusively for the purpose of extracting minerals reserved under paragraph four.

## CONCLUSION

¶24 For the foregoing reasons, we affirm the superior court's judgment. In our discretion, we decline to award attorneys' fees. We award taxable costs to Appellees upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:     AA